Marcy (Kautt) PUTNAM, Respondent,

v.

Fred KAUTT, Appellant.

No. WD 44618.

Missouri Court of Appeals,
Western District.

March 10, 1992.

Bradley A. Constance, Independence, for appellant.

Doug Noland, Kansas City, for respondent.

Before LOWENSTEIN, C.J., FENNER, P.J., and ULRICH, J.

## PER CURIAM.

This is an appeal from the dismissal of appellant's motion to modify a decree of dissolution, and from the denial of appellant's motion to set aside the dismissal. Appellant contends that respondent's maintenance award terminated as a matter of law upon her remarriage. The cause is remanded for further proceedings consistent with this opinion.

Appellant and respondent were married on November 7, 1987, and they separated in September of 1988. To settle all the issues arising from their marriage, the parties entered into a formal separation agreement which was incorporated into the subsequent decree of dissolution. The separation agreement provided that "Husband shall pay to Wife, as and for maintenance, the sum of $9,500.00 on or before September 22, 1989, and $9,000.00 on or before September 22, 1990." The separation agreement also provided that "[t]his Agreement shall not be altered, changed, or modified except in a writing signed by each of the parties."

Respondent remarried on January 1, 1990. On September 19, 1990, appellant filed a motion to modify the decree of dissolution, seeking to terminate his obligation to make the second maintenance payment provided for in the separation agreement. Respondent filed a motion to dismiss, in which she argued that the trial court lacked jurisdiction to modify the dissolution decree because the parties had specifically provided that the separation agree-ment could not be altered without the written agreement of the parties. Respondent's motion to dismiss was sustained by the trial court, which then overruled appellant's motion to set aside the dismissal.

Appellant presents two points on appeal, the second of which is dispositive of the matter before us. In that point, appellant claims that respondent's maintenance award terminated as a matter of law upon her remarriage.

The question of whether the remarriage of a former spouse terminates an obligation to pay the remaining installments of a lump sum maintenance award was recently addressed by the Missouri Supreme Court in *Cates v. Cates*, 819 S.W.2d 731 (Mo. banc 1991). The *Cates* court held that the current Missouri dissolution of marriage statutes do not recognize maintenance in gross as a tool for providing maintenance to a former spouse.

In so holding, the *Cates* court observed that the longstanding judicial approval of maintenance in gross may have led recent litigants to assume that the concept of an "in gross" award is still viable, and that such an award contemplates continuation of the maintenance obligation beyond the remarriage of the payee spouse. In such cases, the court ruled, it is wise to remand the case to permit the trial court to determine whether the parties intended the maintenance award to meet the payee spouse's economic needs for a period of readjustment, or whether the award was intended to serve some purpose outside of § 452.335. The *Cates* court writes:

> For the future, where parties have assumed that maintenance in
>
> gross provides a method for the distribution of the property
>
> of a marriage over time, and have so stated without ambiguity,
>
> such agreements must be upheld. But where agreements either clearly indicate that a maintenance "in gross" award is founded on the economic need of a spouse, or are ambiguous, courts will determine the continued obligation of the paying party to pay mainte-

nance following remarriage or death upon the language (or silence) of the separation agreement or the court's decree.

819 S.W.2d at 738.

Accordingly, the cause is remanded for further proceedings consistent with this opinion.

All concur.